The Chancellor.
The testimony shews that this bond was given by Alyea and Johnson, to Haxton, for a debt for which they were jointly liable, and of which, as between themselves, each was to pay one half; and that the mortgage given by Al-yea alone, on property belonging to him individually, was given to secure the said joint debt. The condition of the mortgage is, that if Alyea and Johnson shall pay to Haxton the sum mentioned in the said joint bond and the interest thoreqn, the mortgage shall he void. Alyea, before the alleged assignment by Haxton to the complainants, had paid, of principal and interest on the joint' bond, $1,615 40. At the time of the alleged assignment, there remained due on the bond, for principal and interest, $1,684 65. I have no doubt, from the testimony, that this balance, being about half the sum secured by the joint bond and the said mortgage, was in fact paid by Johnson; and that the procuring an assignment to he made by Haxton to the complainants was a device of Johnson. The case then, thus far, is the same as if Johnson, on the payment of his half of the joint bond, had taken an assignment of, the bond and mortgage to himself. If he had done so, it will not he claimed that the bond and mortgage would be valid securities in his hands for the amount so paid by him.
It seems that after the giving of the bond and mortgage, to wit, on the 28th of April, 1841, Alyea gave to Johnson a bond, in the penal sum of $5,126 52, the condition of which recites the giving of the said joint bond by Alyea and Johnson to Haxton and the said mortgage by Alyea to secure the payment thereof • and provides that, in consideration of “certain agreements altered into between the said Thomas V. Johnson and the said. *189 Jacob Alyea,” and of one dollar paid by Johnson to Alyoa, the said Alyea assumes the payment of the said bond, excepting six months interest thereon which Johnson is to pay; and that Al-yea exonerates Johnson from the payment of the said bond ; and that if Alyea shall indemnify and save harmless the said Johnson, in manner aforesaid, this bond shall be void.
I presume that Johnson has derived from this bond of indemnity an argument in favor of his course in reference to the assignment procured by bim of the bond and mortgage. But it cannot help Mm or the complainants in tMs suit. If ho supposed he had any equity growing out of this part of the case, to have the mortgage considered a security in his favor for the sum he paid, he should have presented it for the consideration of the court by a bill which would have enabled the court to judge of it, and to decide whether such relief could be given to Mm. If • such a hill could be entertained at all, it is obvious that the equity involved in it might be overcome by circumstances which might be shewn by Alyea in such a suit. To allow Johnson to succeed in the course he has taken would be to allow Mm to he the judge in Ms own cause, and to deprive Alyea of all opportunity to resist or overcome the supposed equity on which. Johnson has acted.
The bill must be dismissed.
Order accordingly.